UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**NOKOMIS GOODWYN MCDUFFIE,**

    **Plaintiff,**

v.                                              Case No.: 3:19cv303

**JESSE LYNN FOSTER,**

and

**HILCO TRANSPORT, INC.**

    **Defendants.**

    SERVE:    Jesse Lynn Foster
                       503 Settlement Loop
                       Stoneville, North Carolina 27048

    SERVE:    Hilco Transport, Inc.
                       c/o J. Gurney Long, Registered Agent
                       7700 Kenmont Road
                       Greensboro, NC 27409

## **COMPLAINT**

Plaintiff, Nokomis Goodwyn McDuffie, by counsel, for her Complaint seeking judgment against the Defendants, Jesse Lynn Foster and Hilco Transport, Inc., states as follows:

1.      Plaintiff, Nokomis Goodwyn McDuffie is an adult individual and, at all times relevant to this action, is and was a resident and domiciliary of the County of Greensville, Virginia.

2.      Jesse Lynn Foster (hereinafter "Defendant Foster") is an adult individual and, upon information and belief, at all times relevant to this action, is and was a resident and domiciliary of the County of Rockingham, North Carolina.

3.      Hilco Transport, Inc. (hereinafter "Defendant Hilco") is/was Defendant Foster's

employer at all times relevant to the subject action. Defendant Hilco is a foreign corporation that, upon information and belief, is a citizen of North Carolina and with its principal place of business at 7700 Kenmont Road, Greensboro, North Carolina 27409, doing significant business in the Commonwealth of Virginia, specifically, its drivers regularly provide transportation services within the Commonwealth of Virginia.

4. Defendant Foster was an employee and agent of Defendant Hilco at all material times, and Defendant Hilco is liable for the negligent, careless, and reckless conduct of its employee/agent, Defendant Foster.

5. The collision at issue occurred in the County of Greensville, Virginia on January 15, 2019.

6. This Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a) and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS**

7. On January 15, 2019, Defendant Foster was an employee and agent of Defendant Hilco.

8. As part of his employment with Defendant Hilco, Defendant Hilco required Defendant Foster to drive its vehicles to perform Defendant Hilco's business.

9. Defendant Hilco did not provide any formal driver training to employees that drove for Defendant Hilco as part of their job.

10. Defendant Hilco did not provide any informal driver training to employees that drove for Defendant Hilco as part of their job.

11. Defendant Hilco did not provide any driver safety training to employees that drove for Defendant Hilco as part of their job.

2

12. Defendant Hilco did not have any driver safety policies and procedures in place that governed the actions of its employees that drove as part of their job responsibilities on January 15, 2019.

13. On January 15, 2019, Defendant Foster was licensed to drive vehicles in the Commonwealth of Virginia.

14. Defendant Foster was familiar with all rules governing the operation of motor vehicles in the United States, including the rules governing the operation of motor vehicles in the Commonwealth of Virginia.

15. On January 15, 2019, in the late evening, Defendant Foster was operating a 2019 Mack Truck ("the Truck") owned by Defendant Hilco, VIN Number 1M1AN4GY2KM003616. Defendant Foster was traveling westbound on Highway 58 in the City of Emporia, approaching its intersection with Market Drive.

16. At that location, Defendant Foster had an unobstructed view of the road and vehicle(s) ahead of him on Highway 58.

17. At that time, Defendant Foster was not paying full attention to the road and vehicle(s) ahead of him on Highway 58, or to the approaching intersection.

18. At the same time and place, the Plaintiff, Nokomis Goodwyn McDuffie, was operating a vehicle in front of Defendant Foster which was stopped at the red light on Highway 58 at its intersection with Market Drive.

19. Defendant Foster failed to slow the Truck for traffic ahead of him on Highway 58; failed to stop for the red light; and, violently crashed the Truck into the rear of Ms. McDuffie's lawfully stopped vehicle.

20. On January 15, 2019, Defendant Foster knew that, as a motor vehicle driver, he

3

was required to pay attention to all traffic patterns on the roadway ahead of him and was required to obey all traffic signs and devices.

21. On January 15, 2019, Defendant Foster knew that, as a motor vehicle driver, he was required to maintain full control of the Truck.

22. On January 15, 2019, Defendant Foster knew that, as a motor vehicle driver, he was required to drive at a safe speed under traffic, road, and weather conditions.

23. On January 15, 2019, Defendant Foster knew that driving a motor vehicle requires a driver's full attention at all times.

## COUNT I - NEGLIGENCE

24. Plaintiff repeats and re-alleges paragraphs 7 through 23 as if fully pleaded herein.

25. Defendant Foster's actions, as described above, were unsafe and negligent.

26. Defendant Foster knowingly had duties to drive at a safe speed; to pay complete attention to all traffic patterns on the roadway ahead of him; to keep the Truck under proper control while driving; to operate the Truck in a safe manner; and, to obey all traffic signals and signs on the roadway ahead of him.

27. Defendant Foster breached these duties of care on January 15, 2019.

28. Defendant Foster was negligent in that he:
    a. Failed to keep a proper lookout;
    b. Failed to give full time and attention to the operation of the Truck;
    c. Failed to maintain the Truck under proper control; and
    d. Followed too closely in violation of Virginia Code § 46.2-816.

29. As a direct and proximate result of Defendants' negligence, Ms. McDuffie has been caused to sustain serious and permanent injuries; has suffered inconvenience; has been

prevented from transacting her business; has suffered a loss of wages and is expected to suffer a loss and/or lessening of earning capacity; has suffered and will continue to suffer great pain of body and mind; has sustained physical limitations, loss of enjoyment of life, mental anguish and emotional injury; and, has incurred and will continue to incur in the future hospital, doctor, and related bills in an effort to be cured of said injuries.

WHEREFORE, the Plaintiff, Nokomis Goodwyn McDuffie, respectfully prays for judgment against the Defendants, Jesse Lynn Foster and Hilco Transport Inc., in the sum of TEN MILLION DOLLARS ($10,000,000.00) and interest from the date of this crash, pursuant to Virginia Code § 8.01-382, and all other costs this Honorable Court deems fair and just.

**TRIAL BY JURY IS DEMANDED**.

                                                      **NOKOMIS GOODWYN MCDUFFIE**

By:    /s/ Justin M. Sheldon
            Of Counsel

Frank H. Hupfl (VSB No. 82972)
Justin M. Sheldon (VSB No. 82632)
Geoff McDonald & Associates, P.C.
3315 West Broad Street
Richmond, Virginia 23230
804.888.8888  Phone
804.359.5426  Facsimile
Email: fhupfl@mcdonaldinjurylaw.com
Email: jsheldon@mcdonaldinjurylaw.com